UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DB MEXICAN FRANCHISING LLC, a Delaware limited liability company,<br><br>　　　　　　　Plaintiff,<br>v.<br>LORENZO CUE, an individual and DOES 1 through 100, inclusive,<br>　　　　　　　Defendants. | Civil No. 11cv0515 JAH(BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. # 7]** |

## INTRODUCTION

Currently pending before this Court is the motion to dismiss, or in the alternative, to stay proceedings on *forum non conveniens* grounds filed by defendant Lorenzo Cue ("Cue" or "defendant"). The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS defendant's motion to dismiss.

## BACKGROUND

This case stems from an alleged personal guaranty concerning the franchise of Dunkin' Donuts shops in Mexico. Plaintiff DB Mexican franchising ("DB Mexican"), a Delaware corporation registered to do business in Mexico, owned the rights to franchise Dunkin' Donuts shops in Mexico. The franchisee, Panera El Roble S.A. de C.V. ("Panera") is a company organized and existing under the laws of Mexico. Defendant is a shareholder of Panera.

DB Mexican and Panera, on January 14, 2008, entered into a "Multiple Unit Development and Franchise Agreement" ("MUDFA"), which established a franchise relationship between the parties for operation of Dunkin' Donuts shops in Mexico. Prior to the execution of the MUDFA, DB Mexican informed Cue that it needed a personal guaranty from Panera shareholders to ensure payment of the initial franchise fees based on the lack of a long-term operating history and weak financial statements. The guaranty was included in the closing documents executed on January 14, 2008.

On January 29, 2009, Panera informed DB Mexican that it was repudiating the MUDFA and subsequently ceased performance under the agreement. Panera then initiated arbitration against DB Mexican pursuant to the MUDFA's arbitration clause, which provided for disputes to be arbitrated in Boston, Massachusetts. DB Mexican cross-claimed against Panera. The arbitrator issued a partial award on January 1, 2011, awarding DB Mexican $345,000 with interest, fees and costs to be determined later. The instant suit was filed on March 15, 2011, seeking damages based on allegations of a breach of the personal guaranty against Cue.

Cue filed his motion to dismiss on April 21, 2011. DB Mexican filed an opposition to the motion on June 27, 2011 and Cue filed a reply brief on July 1, 2011. The motion was then taken under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

Cue moves to dismiss, or in the alternative, to stay proceedings under the common law doctrine of *forum non conveniens*.

**1.    Legal Standard**

The doctrine of *forum non conveniens* is a judicial doctrine permitting a federal district court to dismiss an action where "a court abroad is the more appropriate and convenient forum for adjudicating the controversy." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31(2007). The doctrine should be applied sparingly, thus, requiring the moving party to make a:

> clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may

be shown to be slight or nonexistent. Ravelo Monegro v. Rose, 211 F.3d 509, 514 (9th Cir. 2000). A party moving to dismiss based on *forum non conveniens* bears the burden of showing: (1) there is an adequate alternative forum; and (2) the balance of private and public interest factors favors dismissal. Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001).

**2.  Analysis**

As an initial matter, plaintiff argues the instant motion should be denied because defendant failed to seek a choice of law determination prior to moving to dismiss on *forum non conveniens* grounds. *See* Doc. # 11 at 4-5. Plaintiff contends that a choice of law determination must be made before a district court dismisses a case under the doctrine of *forum non conveniens*. Id. (citing Pereira v. Utah Transp., Inc., 764 F.2d 686, 688 (9th Cir. 1985)). However, as defendant correctly points out, this Court is not required to make such a determination where no federal venue law applies. *See* Doc. # 13 at 2. The Ninth Circuit has concluded that a choice of law analysis is only necessary where federal law mandating venue, such as the Jones Act or the Federal Employers' Liability Act, is implicated. *See* Pereira, 764 F.2d at 688-89; *see also* Loya v. Starwood Hotels & Resorts Worldwide, Inc., 583 F.3d 656, 662 (9th Cir. 2009); Lueck, 236 F.3d at 1148. Here, there is no federal venue law implicated. Therefore, plaintiff's choice of law argument fails. This Court, therefore, now turns to the *forum non conveniens* requirements.

    **a.  Adequate Alternative Forum**

Defendant contends that Mexico is an adequate alternative forum for the dispute at issue here. Defendant explains that "the adequacy of an alternative jurisdiction is typically met when a defendant agrees to submit to the jurisdiction in the foreign country." Doc. # 7-1 at 7 (citing Ceramic Corp. of America v. Inka Maritime Corp., 1 F.3d 947, 949 (9th Cir. 1993); Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 768 (9th Cir. 1991); Loya, 583 F.3d at 664 (concluding Baja California Sur, Mexico provided an adequate forum despite the less generous remedies available there for the same type of action because the defendants agreed to accept service, submit to

jurisdiction and waive any statute of limitations defenses)). Defendants contend that, like the defendants in Loya, Cue has agreed to accept service and jurisdiction in Mexico and there is an adequate remedy available to plaintiff under Mexican law. Id. at 7-8 (citing Articles 2794 to 2855 of the Federal Civil Code (*Código Civil Federal*) and the correlative provisions of the Civil Codes for the other States of Mexico). Defendant points out that plaintiff is not prohibited from suing in Mexico based on its status as an entity registered to do business in Mexico. Id. at 8.

Plaintiff does not dispute this contention in opposition. Instead, plaintiff argues that Massachusetts law would be more favorable than Mexican law in deciding the instant lawsuit. *See* Doc. # 11 at 9. Defendant, in reply, claims the appropriate inquiry here is whether Mexico provides an adequate forum and not whether the law applied would be more favorable to plaintiff. Doc. # 13 at 5.

This Court agrees with defendant that the law of the alternative forum need not be favorable to plaintiff in order to find the forum adequate and that the most significant consideration is whether the defendant submits to jurisdiction there. *See* Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254-55 (1981)(not relevant that foreign substantive law applied would be unfavorable); Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 768 (9th Cir. 1991)(forum is adequate if defendant submits to the foreign jurisdiction). Accordingly, because defendant agrees to submit to Mexican jurisdiction, this Court finds Mexico is an adequate alternative forum for the dispute at issue in this case.

   **b.**  **Balance of Private and Public Factors**

Defendant next contends that both the private and public interest factors weigh in favor or dismissal.

   **1.**  **Private Interest Factors**

When considering whether to dismiss a complaint on *forum non conveniens* grounds, this Court looks at the following private interest factors: (a) the ease of access to sources of proof; (b) compulsory process to obtain the attendance of hostile witnesses; (c) cost of

transporting friendly witness;  and (d) other problems that interfere with an expeditious trial.  Lockman Foundation, 930 F.2d at 769.

Defendant contends these factors favor Mexico as the more appropriate forum. Defendant points out the franchise agreement at the heart of this action was negotiated and signed in Mexico by parties intending to do business in Mexico.  Doc. # 7-1 at 10-11. According to defendant, all relevant documents and witnesses are located in Mexico.  Id. at 11.  In addition, defendant contends plaintiff would not be inconvenienced if required to litigate this action in Mexico because it has already agreed to travel to California from its home forum of Massachusetts, it has a number of legal representatives in Mexico and it has maintained a significant presence there for a number of years.  Id. at 11-12. Defendant also points out that a vast majority of Cue's personal assets are located in Mexico, rendering the enforcement of any judgment easier than if entered here.  Id. at 12.

In opposition, plaintiff contends that the residence of the parties is the most important factor to be considered here.  Doc. # 11 at 5-6 (citing Reid-Walen v. Hansen, 933 F.2d 1390, 1394-96 (8th Cir. 1991); Manu Int'l S.A. v. Avon Products, Inc., 641 F.2d 62, 67 (2d Cir. 1981); Founding Church of Scientology of Washington, D.C. v. Verlag, 536 F.2d 429, 435 (D.C. Cir. 1976); Varnelo v. Eastwind Transp. Ltd., 2003 WL 230741 *12n.26 (S.D.N.Y. Feb. 3, 2003)).  To that end, plaintiff argues that, because Cue testified at his deposition that his current residence at the time the instant lawsuit was filed was located in Coronado, California, where he rented a home and his children attended school,  the inquiry should end there.  Id. at 6-7.  Plaintiff also contends that defendant fails to "identify a single piece of specific evidence located in Mexico, nor does it identify any specific facts or relevant testimony to be provided by Mexican residents." Id. at 8.  In addition, plaintiff claims there are no sources of proof located in Mexico since the scope of discovery has been limited by the arbitrator's award issued after arbitration of the dispute between Panera and plaintiff under the MUDFA.  Id. at 8-10.

Defendant disagrees that residence of the parties is the most important factor to consider here, contending it is simply one of several factors applied in the analysis.  *See*

Doc. # 13 at 6. Nevertheless, defendant points out that, because he is not a United States citizen or even a permanent resident of the United States, whereas plaintiff's business in Mexico underlies this lawsuit, this factor weighs in favor of Mexico as a more appropriate forum. Id. (citing Cue Decl. ¶¶ 2-3). Defendant further points out plaintiff does not dispute there are relevant witnesses located in Mexico but, instead, assumes those witnesses will voluntarily participate in this litigation based on past participation in the MUDFA negotiations and the arbitration proceedings conducted in Massachusetts. Id. at 7. According to defendant, such an assumption cannot be made here, where at least some of the witnesses are still employed by the plaintiff. Id. Defendant additionally notes the factual disputes resolved in the arbitration proceedings did not involve the Guaranty and performance obligations thereto which may require the introduction of evidence and witnesses located in Mexico. Id. at 8.

This Court's review of the record reflects that relevant witnesses and evidence concerning the Guaranty that is at the core of this lawsuit are located in Mexico. This Court notes that, although Cue has resided in California with his family in a rental home, it is undisputed he is a Mexican citizen with substantial holdings in Mexico. *See* Cue Decl. ¶ 2. This Court further notes there are employees of plaintiff located in Mexico who are likely to be witnesses in this case and may not voluntarily agree to this Court's jurisdiction but are subject to a Mexican court's processes. This Court, therefore, finds the private interest factors favor Mexico as the more appropriate forum for this dispute.

### 2. **Public Interest Factors**

The public interest factors this Court considers include: (a) judicial administrative difficulties; (b) the burden of jury duty on the community; (c) the local interest in adjudicating the matter; and (d) the avoidance of unnecessary conflict of law problems associated with having a forum apply foreign law. Lockman Foundation, 930 F.2d at 771; Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947). Defendant contends these factors also favor Mexico as the appropriate forum, explaining that this case involves a contract dispute between Mexican national and a Delaware corporation that regularly does

business in Mexico. Doc. # 7-1 at 13. Defendant further explains that the Guaranty at the heart of the dispute mentions Mexican law three times and fails to mention the law of any other jurisdiction. Id. In addition, defendant points out the agreement was negotiated and signed in Mexico. Id. (citing Cue Decl., ¶¶ 10-11). Defendant also contends Mexico has a compelling public interest in the resolution of this lawsuit because plaintiff's registration as a foreign branch in Mexico subjects it to the laws of Mexico and the underlying business and transactions giving rise to this dispute occurred in Mexico. Id.

Plaintiff, in opposition, contends that Massachusetts law governs this dispute and, as such, this Court is in a better position to apply Massachusetts law than a Mexican court. Doc. # 11 at 12. Plaintiff claims that the Guaranty's references to Mexican law are simply waivers or statements concerning the inapplicability of Mexican law to the Guaranty's provisions. Id. Plaintiff argues that the burden on Mexican courts would be great due to the fact that the relevant documents, statutes and case law are in English and thus must be translated before review. Id. Conversely, plaintiff claims the burden on this Court would be minimal since the underlying issues have been resolved in the arbitration leaving only the issue of the enforcement of the Guaranty against Cue to be litigated. Id.

In reply, defendant points out plaintiff failed to address the reasons offered in support of a finding that the public interest factors weigh in Cue's favor. Doc. # 13 at 9. In addition to the reasons presented in his moving papers, defendant further suggests this action "should be handled in the venue where the Guaranty was 'negotiated,' and where there is familiarity with the applicable Mexican law." Id. at 10.

This Court notes the dispute here concerns the enforcement of the Guaranty which clearly was drafted in Mexico and signed in Mexico. This Court further notes that plaintiff is registered to do business in Mexico and, as such, is subject to Mexican law in transacting business. Plaintiff's arguments concerning the applicability of Massachusetts law to this case are not relevant since this Court need not consider a choice of law analysis in determining whether to dismiss on *forum non conveniens* grounds. *See* Gemini Capital

Group, Inc. v. Yap Fishing Corp., 150 F.3d 1088, 1092 (9th Cir. 1998); Lueck, 236 F.3d at 1148.  Simply because the contract dispute in this case involves a Guaranty that was executed in Mexico between a Mexican national and a Delaware corporation doing business in Mexico, this Court finds that Mexico has considerably more public interest in the outcome of this case.  Consequently, this Court finds the public interest factors weigh in favor of dismissal.

## CONCLUSION AND ORDER

For the reasons set forth above, this Court finds that Mexico is an adequate alternative forum and that the private and public interest factors weigh in favor of dismissal under the doctrine of *forum non conveniens*.  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to dismiss this action on *forum non conveniens* grounds [doc. # 7] is **GRANTED** and the instant complaint is **DISMISSED without prejudice.**

DATED:     January 26, 2012

/s/ John A. Houston
JOHN A. HOUSTON
United States District Judge